MICHAEL K. MILLS v. F. H. CHAMBERS, ASSOCIATE
JUDGE OF THE RECORDER'S COURT OF DETROIT.

*Bail—Jurisdiction of police justice.*

The police court of the city of Detroit has no power to admit a prisoner to bail after he is held for trial, and the papers certified to the recorder's court.

*Mandamus.* Argued May 3, 1892. Denied May 4, and opinion filed May 11, 1892.

Relator applied for *mandamus* compelling respondent to quash a *capias* for the re-arrest of relator, and to allow the approval of a bail-bond by a police justice. The facts are stated in the opinion.

*Atkinson, Carpenter, Brooke & Haigh* and *William F. Atkinson,* for relator.

*Samuel W. Burroughs,* Prosecuting Attorney, and *Oscar M. Springer,* Assistant Prosecuting Attorney, for respondent.

PER CURIAM.   The sole question of any importance is whether the police justices of the city of Detroit have power to admit to bail in criminal cases after persons charged with crime have been bound over to the recorder's court for trial.

The Detroit police court act provides that—

" The police court or either police justice thereof, the recorder's court of the city of Detroit, the circuit court for the county of Wayne, and the Supreme Court of this State and the Justices thereof, and no other court, magistrate, or officer whatever, except as provided in section ten, shall have power to let to bail any prisoner or person in custody charged with a bailable crime, misdemeanor, or offense of which the police court shall for any purpose have jurisdiction." [1]

In the present case the police court had examined the criminal charge made against the relator, had found probable cause to believe him guilty of the offense charged, had bound him over to the recorder's court, and certified the proceedings to that court.   The police court had thereby lost jurisdiction for any purpose whatever.   In bailable offenses, upon examination the police court should fix the amount of the bail, and give the prisoners reasonable opportunity to procure it; but its jurisdiction ends with the certification of the papers into the recorder's court

The above act took effect July 4, 1886. [2]   Prior to that time the police justices had power to take bail at any

[1] 3 How. Stat. § 6591*g*1.
[2] 3 How. Stat, § 6591*h*2.

time before trial. Section 552, p. 339, City Charter, 1886.[1] This provision was repealed by the law of 1886.
The writ must be denied.

McGRATH, J., did not sit.

---

[1] Act No. 479, § 40, Laws of 1871.